**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CELESTE MONTANEZ,**

Plaintiff,

vs.

**A PEGASUS LIMOUSINE CORP., dba A BETTER LIMO SERVICE LLC, JOHN LENTZIS, individually, and IOANNIS LENTZIS, individually**

Defendants.

Civil Action No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff CELESTE MONTANEZ ("Plaintiff" or "Montanez"), by and through her attorneys, upon personal knowledge as to herself and upon information and belief as to other matters, brings this Complaint against Defendants, A PEGASUS LIMOUSINE CORP., dba A BETTER LIMO SERVICE LLC, JOHN LENTZIS, individually, and IOANNIS LENTZIS, individually ("Defendants" or "Limo"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this lawsuit seeking recovery against Defendants for Defendants' violation of the Fair Labor Standards Act, as amended (the "FLSA" or the "Act"), 29 U.S.C. §201 et. seq.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and by 29 U.S.C. § 216(b).

3. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

4. At all times material hereto, Plaintiff performed non-exempt dispatcher and clerical office work, and various other duties for Defendants. These duties for the Defendants were performed primarily in South Hackensack, Bergen County, New Jersey. Defendants are therefore within the jurisdiction and venue of this Court.

5. At all times pertinent to this Complaint, the Defendants were and are an enterprise engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s). Defendants operate a tri-state limousine company.

**PARTIES**

6. Plaintiff Montanez is an adult individual who is a resident of Hackensack, Bergen County, New Jersey.

7. Plaintiff Montanez was employed by Defendants full time as a clerical worker as well as a dispatcher for the Defendants from in or about November 2016, through in or about the end of December 2018.

8. Defendants principal place of business is Bergen County, New Jersey.

9. At all times relevant to this Complaint, the Defendants, were and are an employer under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

10. Upon information and belief, at all times relevant to this Complaint, the individual

Defendants managed the day to day operations, controlled pay practices, and had the power to change same, and the power to hire and fire Plaintiff, set her wages, and otherwise controlled the terms of her employment.

**FACTS**

11. Based upon the information preliminarily available, and subject to discovery in this cause, the Defendants did not properly compensate Plaintiff for all overtime hours she worked in a work week.

12. Plaintiff Montanez was paid between $1,200.00 and $1,300.00 per week.

13. Plaintiff Montanez worked six (6) days per week.

14. Plaintiff Montanez worked approximately sixty (60) hours each week.

15. At all times material hereto, Plaintiff was performing her duties for the benefit of and on behalf of Defendants.

16. This cause of action is brought to recover from Defendants, overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the provisions of 29 U.S.C. §216(b), on behalf of Plaintiff during the material time.

17. The records, if any, concerning the number of hours worked by Plaintiff are in the possession and custody of Defendants.

18. The records, if any, concerning the compensation actually paid to Plaintiff, are in the possession and custody of Defendants.

19. At all times pertinent to this complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that Plaintiff performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and compensation to which she was lawfully

entitled for all of her hours worked and for those hours worked in excess of forty (40) within a work week.

20. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent her individually and incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

21. Plaintiff re-alleges and incorporates here by reference, all allegations contained in Paragraphs 1 through 20 above.

22. Plaintiff is entitled to be paid additional compensation for each overtime hour worked per work period.

23. Defendants knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for his overtime worked in a work period.

24. By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

25. As a result of Defendant's willful violations of the Act, Plaintiff is entitled to liquidated damages.

**JURY TRIAL**

26. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, CELESTE MONTANEZ, demands judgment, against Defendants A PEGASUS LIMOUSINE CORP., dba A BETTER LIMO SERVICE LLC, JOHN LENTIS, individually, and IOANNIS LENTZIS, individually, for the payment of compensation

for all hours due her and overtime hours due her, for which she has not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other appropriate relief.

Dated: February 2, 2019

Respectfully submitted,

/s Andrew I. Glenn
Andrew I. Glenn
E-mail: AGlenn@JaffeGlenn.com
Jodi J. Jaffe
E-mail: JJaffe@JaffeGlenn.com
**JAFFE GLENN LAW GROUP, P.A.**
301 N. Harrison Street, Suite 9F, #306
Princeton, New Jersey 08540
Telephone: (201) 687-9977
Facsimile: (201) 595-0308
*Attorneys for Plaintiff*